The document below is hereby signed.

Signed: July 5, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANITA HEATHER KERNACS, | ) | Case No. 19-00051 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ANITA HEATHER KERNACS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary Proceeding No. |
| DEUTSCHE BANK NATIONAL TRUST | ) | 19-10006 |
| COMPANY, AS TRUSTEE FOR | ) | |
| MORGAN STANLEY ABS CAPITAL I | ) | Not for publication in |
| INC. TRUST 2007-NC2 MORTGAGE | ) | West's Bankruptcy Reporter. |
| PASS-THROUGH CERTIFICATES, | ) | |
| SERIES 2007-NC2, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION RE
DISMISSING THIS ADVERSARY PROCEEDING
BASED ON DISMISSAL OF THE MAIN BANKRUPTCY CASE

On May 2, 2019, the court dismissed the debtor's bankruptcy case, Case No. 19-00051, within which she commenced this adversary proceeding as the plaintiff. There no longer is a bankruptcy case in which an adjudication of the debtor's claims

in this adversary proceeding (and adjudication of the defenses thereto) would serve any purpose.  Although subject matter jurisdiction is tested as of the date of filing of the complaint, and there was a bankruptcy case then pending, the court has discretion to dismiss the adversary proceeding (without prejudice) when the bankruptcy case has been dismissed and the proceeding, as here, has not progressed beyond the defendant's filing of a motion to dismiss the case. *See In re Porges*, 44 F.3d 159, 162-63 (2d Cir. 1995). *See also Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 80-82 (7th Cir. 1995); *In re Querner*, 7 F.3d 1199, 1201-02 (5th Cir. 1993); *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992) (per curiam); *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989); *Swinson v. Coates & Lane, Inc.* (In re Swinson), No. 00-00507, 2004 WL 3779953, at *3 (Bankr. D.D.C. July 27, 2004). Accordingly, on May 16, 2019, the court ordered the parties to show cause why this adversary proceeding ought not be dismissed.

On April 24, 2019, eight days prior to dismissal of the debtor's bankruptcy case, the defendant filed a motion to dismiss this adversary proceeding, invoking the *Rooker-Feldman* doctrine based on the Superior Court of the District of Columbia having ruled in the defendant's favor regarding the validity of its asserted lien, and noting that the doctrine "is a vital jurisdictional prohibition based on 28 U.S.C. § 1257, which holds

that federal review of state court judgments may be obtained only in the U.S. Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)." The debtor might file a further bankruptcy case and pursue an adversary proceeding identical to this one, and the defendant might again raise the *Rooker-Feldman* doctrine as a defense. However, the defendant has not opposed this court's dismissing this adversary proceeding based on the dismissal of the debtor's bankruptcy case, Case No. 19-00051, and the defendant has thus not sought a ruling on its invocation of the *Rooker-Feldman* doctrine.

The debtor did not timely oppose the defendant's motion to dismiss the adversary proceeding, and belatedly filed an opposition on May 15, 2019. She timely filed a lengthy, rambling response to the court's order to show cause why the adversary proceeding ought not be dismissed based on the dismissal of her bankruptcy case. She amended that response seven days later, and I will address the response as amended.

The debtor essentially argues that the defendant has engaged in fraud and other misconduct, and that this warrants retaining jurisdiction over the adversary proceeding. She also repeats her arguments regarding why the defendant's motion to dismiss based on the *Rooker-Feldman* doctrine ought to be denied.

There is no sound reason for retaining jurisdiction over this adversary proceeding. The only activity in the proceeding has been the defendant's filing of a motion to dismiss, which presented an issue of law, whether the *Rooker-Feldman* doctrine bars the adversary proceeding. That issue can readily be revisited, if pertinent to any new litigation pursued by the debtor, without the parties being put to any substantial new burden by reason of the issue not having been decided herein. Moreover, devoting judicial time to addressing the defendant's motion to dismiss (and proceeding to adjudicate the plaintiff's claims if the defendant's motion to dismiss were denied) would serve no bankruptcy purpose now that the main case has been dismissed. The debtor's challenges to the defendant's having a valid mortgage against her real property are non-bankruptcy law questions that can be resolved in a forum other than this court.

Although the debtor's response to the order to show cause makes a passing reference to "violations of the Chapter 7 discharge injunction," her complaint asserting her claims in this adversary proceeding did not allege any violation of a discharge injunction. Moreover, the conclusory reference to a violation of the discharge injunction does not establish a violation of the discharge injunction: liens not avoided in the bankruptcy case under Chapter 7 of the Bankruptcy Code (11 U.S.C.) pass through the case unaffected by the debtor's discharge. *Long v. Bullard*, 117 U.S. 617 (1886). In addition, pursuit of relief regarding a

4

violation of the discharge injunction ordinarily ought to be pursued in the bankruptcy case in which the discharge was obtained.

In light of the foregoing, an order follows dismissing this adversary proceeding without prejudice (that is, without adjudicating the merits of any of the claims and defenses the parties have raised).

[Signed and dated above.]

Copies to: Debtor by hand mailing; all other counsel of record.